# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID LEWIS MEALS, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-23-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

David Lewis Meals, Jr., pleaded guilty to possession, with intent to distribute, methamphetamine and was sentenced *inter alia*, to 240 months' imprisonment. Meals claims the sentence is substantively unreasonable because the applicable methamphetamine Sentencing Guideline § 2D1.1 (unlawful manufacturing, importing, or trafficking of drugs) overstates the seriousness of his offense and is not empirically based.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-10855

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Meals does not claim procedural error.  Instead, as noted, he maintains his sentence was substantively unreasonable.  Because Meals' sentence falls within the applicable statutory and advisory Guidelines-sentencing range, we afford it a presumption of reasonableness.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated Guidelines range).  To rebut this presumption, Meals must show "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing [the 18 U.S.C. § 3553(a)] sentencing factors".  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Meals contends that, in the light of *Kimbrough v. United States*, 552 U.S. 85 (2007), the applicable methamphetamine Guideline lacks an empirical basis, and, therefore, the Guideline does not help arrive at a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing. 18 U.S.C. § 3553(a).  Meals' contention is foreclosed by this court's precedent. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir.

No. 13-10855

2009).  Because Meals has not shown the district court failed to give proper weight to any § 3553(a) factor, he fails to rebut the presumption of reasonableness.

AFFIRMED.